## Thomas H. B. Camp, Adm'r, etc.
### v.
## Elliott & Brewster.

| 38 | 337 |
| 98 | ²515 |

*Sales—Stock of Goods—Death of Vendor—Application of Part of Proceeds to Payment of Judgment against Vendor—Administrator de son tort.*

1.   Where a stock of goods was sold by agents acting under a power of
attorney from the owner, and subsequent to the death of the owner a part
of the proceeds was applied to the payment of a judgment against deceased, it is *held:* That there was sufficient competent evidence to show that
such payment was made in pursuance of an understanding with deceased
in his lifetime, and that the administrator could not recover the amount so
paid from the purchaser of the stock.

2.   If the money in question was paid to the administrator, who was also
one of deceased's attorneys, before his appointment as administrator, and by
him applied to payment of the judgment, the payment would bind the
estate, it not appearing that the estate is insolvent.

3.   Whatever is honestly done by one acting as administrator *de son
tort,* and not contrary to law, is binding between the parties.

[Opinion filed November 21, 1890.]

In error to the Circuit Court of McDonough County; the
Hon. J. C. Bagby, Judge, presiding.

Messrs. Solon Banfill and Neece & Son, for plaintiff in
error.

Messrs. PRENTISS & BAILY and TUNNICLIFF & TUNNICLIFF, for defendants in error.

CONGER, P. J.   The facts necessary to an understanding of this case are briefly as follows :

Isaac Harris, of Bushnell, Illinois, was the owner of a stock of hardware. He had become old and feeble and unable to attend to his business, and early in the summer of 1884, he gave a power of attorney to the firm of Chandler & Camp, his attorneys, being composed of James E. Chandler and plaintiff in error. On the 18th of August, 1884, Chandler & Camp sold the stock of hardware to defendants in error. The price was to be seventy-five per cent of the price that had been fixed in a former invoice of the goods and the stock of goods was delivered to defendants in error on that day. The agreement was that defendants in error were to assume a debt due from Harris to R. A. Cutter & Co., of Peoria, Illinois, of between twelve and thirteen hundred dollars, and pay the remainder as should be determined by the invoice in cash.

One I. N. Pearson held a judgment against Harris of several years' standing, and on the day of the sale had an execution for its collection in the hands of the sheriff, but it seems the life of the execution had expired some days prior to the sale. Pearson was present on the day of the sale, and the evidence tends to prove that on or about the day of the sale Harris told Mr. Chandler to pay " about a thousand dollars of the money coming to him from the stock of goods to Pearson in satisfaction of his judgment," and that defendants in error understood and assented to this request.   Mr. Harris died on the 20th of August, 1884, and shortly thereafter defendants in error paid to Chandler & Camp, for Pearson, $1,049.50, the amount of his judgment against Harris, which was by them paid to Pearson.   No question is made but that defendants in error have paid in full for said stock of hardware and are in no way indebted to the estate of Harris, if the above payment of $1,049.50 was properly made, and is binding upon the estate.   The court below found against plaintiff in error, and he appeals.

Camp v. Elliott & Brewster.

We are satisfied that the evidence is sufficient, and that too without the testimony of Pearson; that it was understood by Mr. Harris, Pearson and defendants in error through the intervention and agency of Chandler that this debt of Pearson was to be paid by defendants in error and out of the proceeds of the stock, and if this be true, then it matters not that the payment was made after the death of Harris. It would still be a good payment and protect defendants in error from having to pay it again to plaintiff in error as administrator.

Again, if defendants in error paid this money to plaintiff in error before he was appointed administrator, and it was by plaintiff in error paid to Pearson, upon a just debt against Harris, we see no reason why plaintiff in error should recover it again. It is said in argument that the estate of Harris is insolvent, but there is no proof of it in the record, and we can not therefore presume it to be so. If the estate was solvent, the acts of Camp before he was appointed administrator would be the acts of an executor *de son tort* and would be held good, in so far as they would have been had he at the time been actually the administrator of the estate. In Riley v. Loughrey, 22 Ill. 99, it is said, in speaking of the acts of an executor *de son tort:* " Whatever is honestly done by one acting in that character, and not contrary to law, is binding between the parties. A settlement made in good faith with such an executor is valid."

It is not necessary to notice the competency of Pearson as a witness, as we think the defense can be sustained without his testimony.

There are some other objections made which we have considered, but do not regard them of sufficient importance, even if erroneous, to work a reversal.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*